UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH KELLEY, | Case No. 3:14-cv-00685-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| WARDEN SMITH, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Pending before the Court is respondents' motions to dismiss, respondents' motion for leave to file an exhibit under seal, petitioner's motion for summary judgment, and petitioner's motion for a status check. (ECF Nos. 8, 13, 17, 22.)

I. **PROCEDURAL HISTORY**

On July 26, 2010, petitioner was convicted, pursuant to a guilty plea, of two counts of robbery with the use of a deadly weapon, and one count of attempted robbery with the use of a deadly weapon. (Exh. 16.) Petitioner was sentenced to three consecutive terms of 28 to 72 months with three consecutive terms of 12 to 30 months for the deadly weapon enhancement. (*Id.*) Petitioner filed a timely notice of appeal. (Exh. 18.) On February 9, 2011, the Nevada Supreme Court affirmed petitioner's convictions. (Exh. 32.) Remittitur issued on March 7, 2011. (Exh. 33.)

On August 3, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 37.) Counsel was appointed and filed a supplement to the petition on April 10, 2012. (Exhs. 40 & 44.) By order filed February 20, 2013, the state district court

dismissed four claims and ordered an evidentiary hearing on the fifth claim of the petition. (Exh. 52.) An evidentiary hearing was held on January 3, 2014. (Exh. 57.) During the evidentiary hearing an expert witness testified that a person can purchase metallic pellets for the air soft handgun which was found in petitioner's possession. (Exh. 57 at 12.) On April 24, 2014, the state district court granted the petition, finding that counsel was ineffective for failing to argue that the air soft gun used by petitioner was not a "deadly weapon." (Exh. 58.) The State appealed. (Exh. 61.) On November 12, 2014, the Nevada Supreme Court affirmed the dismissal of the four claims and reversed the grant of the petition on the fifth claim because the district court correctly concluded that the air soft gun constituted a deadly weapon but erroneously determined that counsel's performance resulted in prejudice. (Exh. 77.) The Nevada Supreme Court concluded that petitioner failed to demonstrate that he would have rejected the plea had counsel conducted additional investigation into the air soft gun. (*Id.*) The remittitur issued on December 8, 2014. (Exh. 78.)

Petitioner dispatched his federal habeas petition to this Court on December 22, 2014. (ECF No. 6, at p. 1.) Respondents have filed a motion to dismiss certain grounds of the petition. (ECF No. 8.) Along with the motion to dismiss, respondents also filed a motion for leave to file petitioner's presentence investigation report under seal. (ECF No. 13.) Petitioner has filed a response to the motion to dismiss, along with two addendums, and a motion for summary judgment. (ECF Nos. 16, 17, 18, 19.) Respondents filed a reply regarding their motion to dismiss and an opposition to petitioner's summary judgment motion. (ECF No. 20.) Thereafter, petitioner filed a memorandum, which the Court construes as a sur-reply to the motion to dismiss and a reply regarding his summary judgment motion. (ECF No. 21.) Petitioner has also filed a motion for a status check. (ECF No. 22.)

**II.   RESPONDENTS' MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL**

In support of their motion to dismiss, respondents filed exhibits consisting of the state court record. (ECF Nos. 9-12.) Respondents seek permission to file under seal

Exhibit 13, petitioner's presentence investigation report, which contains confidential information. (ECF No. 13.) The presentence investigation report was submitted under seal for *in camera* review. (ECF No. 14.)

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The petitioner's presentence investigation report was submitted in support of respondents' motion to dismiss the petition, which is a dispositive motion. The

3

presence investigation report (Exh. 13) contains confidential information concerning petitioner, as defined under NRS § 176.156. On balance, the potential harm to the parties' interests outweighs the public's right to access petitioner's presence investigation report. Respondents have made an adequate showing of compelling reasons to keep petitioner's presence investigation report sealed. Accordingly, the Court grants respondents' motion to seal the presence investigation report.

### III. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner has filed a motion for summary judgment. (ECF No. 17.) Petitioner's motion is denied, as summary adjudication of a habeas corpus matter is unavailable. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *see also Townsend v. Sain*, 372 U.S. 293, 312 (1963).

### IV. RESPONDENTS' MOTION TO DISMISS

#### A. Ground 1

Petitioner contends that trial counsel was ineffective because he failed to investigate the accuracy of the presence investigation report or object to information in the presence report that indicated more than two of his convictions were felonies. (ECF No. 6 at 3-4.) Respondents argue that Ground 1 is conclusory and should be dismissed. Respondents' specific arguments for dismissal go to the ultimate merits of the claim. Ground 1 is not so vague and ambiguous that respondents cannot reasonably respond on the merits by way of an answer. Respondents' motion to dismiss Ground 1 of the petition is denied.

#### B. Ground 2

In Ground 2 of the federal petition, petitioner alleges that his counsel was ineffective for failing to investigate the enhancement charge that petitioner used a deadly weapon in the commission of robberies. (ECF No. 6 at 6.) The petition contains 6 additional pages of allegations in support of Ground 2. (*Id.* at 7-12.) In the motion to dismiss, respondents divide Ground 2 into three separate claims: (a) ineffective assistance of counsel for failure to investigate the deadly weapon enhancement; (b)

ineffective assistance of counsel for advising petitioner that an airsoft gun was considered a BB gun; and (c) that the Nevada state courts erred by deciding that an airsoft gun is a deadly weapon under Nevada law. (ECF No. 8, citing ECF No. 6 at 6-12.)

Respondents argue that Grounds 2(b) and 2(c) are unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In what respondents label as Ground 2(b), petitioner alleges that trial counsel advised him that an air soft gun was considered a BB gun. (ECF No. 6 at 7.) Petitioner presented this factual allegation in his post-conviction habeas proceedings. (Exh. 44 at 4-6; Exh. 55 at 2-3; Exh. 57, at 20-21; Exh. 73 at 4-5.) Regarding petitioner's allegation that an air soft gun should not have been considered a deadly weapon, which respondents label as Ground 2(c), petitioner urged this same argument in his state court filings. (Exh. 44 at 4-6; Exh. 55 at 1-2; Exh. 57; Exh. 73 at 4-7.) The factual allegations of Ground 2 of the petition are exhausted and respondents' motion to dismiss is denied.

///

///

///

## V. CONCLUSION

It is therefore ordered that respondents' motion to seal (ECF No. 13) the presentence investigation report is granted. The Clerk of Court will keep the presentence investigation report (ECF No. 14) filed under seal.

It is further ordered that petitioner's motion for summary judgment (ECF No. 17) is denied.

It is further ordered that petitioner's motion for a status check (ECF No. 22) is granted to the extent that this order provides petitioner with the status of the case.

It is further ordered that respondents' motion to dismiss (ECF No. 8) is denied in its entirety.

It is further ordered that respondents must file an answer to the petition within thirty (30) days from the entry of this order. The answer must include substantive arguments on the merits of each claim in the petition. No further motions to dismiss will be entertained. In filing the answer, respondents must comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner's reply to the answer must be filed not later than thirty (30) days after being served with the answer.

DATED THIS 23rd day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE