UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH KELLY,<br><br>                  Petitioner,<br>    v.<br><br>WARDEN SMITH, *et al.,*<br><br>                  Respondents. | Case No. 3:14-cv-00685-MMD-VPC<br><br>ORDER |

This habeas action under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 25) for reconsideration of the denial of their motion to dismiss. Respondents contend that the Court erred: (a) in failing to dismiss what respondents designate as Ground 2(c) as a federally noncognizable state law claim; and (b) failing to dismiss what respondents designate as Grounds 2(b) and 2(c) as unexhausted.

**I.    BACKGROUND**

Petitioner Joseph Kelly challenges his Nevada state conviction, pursuant to a guilty plea, of two counts of robbery with the use of a deadly weapon and one count of attempted robbery with the use of a deadly weapon.

In Ground 2 of the petition, Kelly alleges that he was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments when counsel failed to investigate and challenge the weapon enhancements under NRS § 193.165 on the ground that the airsoft pellet gun that he used did not qualify as a deadly weapon. In

extensive underlying allegations, petitioner alleges, *inter alia*, that: (1) the weapon enhancements were premised under Nevada statutory law upon the airsoft gun being capable of expelling a metallic projectile; (2) the gun instead is designed to fire 6 mm plastic balls; (3) no investigation ever was done as to whether the specific airsoft gun could fire a metallic projectile; (4) defense counsel induced petitioner to plead guilty based upon the prosecutor's representation that the State had an expert ready to testify that the airsoft gun could fire a metallic projectile, without defense counsel ever investigating, challenging and/or testing that premise; and (5) when petitioner questioned the statement in the guilty plea memorandum that he was in possession of a black handgun or BB gun, "his attorney told him that the DA said it would shoot a metal projectile therefore it was a BB gun." (ECF No. 6 at 6-12.)[1]

## II. DISCUSSION

### A. Cognizability

At the very end of Ground 2, petitioner includes a paragraph asserting that "Petitioner also feels the district court and NV Supreme Court errored [sic] [on state post-conviction review] in there [sic] finds [sic] of a [sic] airsoft guns [sic] capability and ruling it to be a deadly weapon" because no one ever tested the specific airsoft gun in question to determine whether it could fire metallic projectiles. (ECF No. 6 at 12.) Respondents break this paragraph out as a separate Ground 2(c) and contend that the purportedly separate claim presents a federally noncognizable state law claim. In his opposition to the motion to dismiss, petitioner did not directly address the cognizability argument, but he maintained that Ground 2 presented only an ineffective-assistance claim. (ECF No. 16 at 5.) The Court's prior order also did not directly address respondents' cognizability argument.

///
///

---

[1] All page citations to state court record exhibits herein are to the page number in the electronic page header generated by CM/ECF, not to any internal page numbers in the original document.

Particularly given petitioner's response, the Court does not read Ground 2 as including a separate, substantive claim that the state courts erred in holding that the airsoft gun was a deadly weapon under Nevada state law. In short, there is no separate Ground 2(c) as parsed by respondents. To the extent, if any, that the federal law ineffective-assistance claim asserted in Ground 2 is premised upon an underlying allegation that the state courts erred under state law, that may be addressed in the answer to Ground 2.

**B.     Exhaustion**

Respondents contend that the ineffective-assistance claim in a purportedly separate Ground 2(b) is not exhausted. A purportedly separate Ground 2(b), read in full context, would allege that petitioner was denied effective assistance of counsel because, when petitioner questioned the statement in the guilty plea memorandum that he was in possession of a black handgun or BB gun, "his attorney told him that the DA said it would shoot a metal projectile therefore it was a BB gun." (ECF No. 6 at 9-10.)[2]

The Court is not persuaded that the purported Ground 2(b) sets forth a separate and unexhausted claim vis-á-vis the core claim in Ground 2 that petitioner was denied effective assistance of counsel when counsel failed to investigate and challenge the weapon enhancements on the ground that the airsoft gun did not qualify as a deadly weapon.

Petitioner alleged in the state courts, *inter alia*, that "[t]he fact that Petitioner's counsel and the DA allowed Petitioner to entry [sic] a plea of guilty to a deadly weapon

///

---

[2]*See also id.* at 7 ("Mr. McGinnis advised petitioner to plead guilty on the DA Mr. Youngs [sic] word that the airsoft gun could fire a metallic ball . . . . The guilty plea memorandum stated petitioner was in possession of a black handgun and or BB gun . . . and when petitioner brought this up to councel [sic] he was told that an airsoft gun was considered a BB gun . . . ."); *id.* at 11 ("At no time did counsel ever object to the State's use of the terms 'black handgun and/or BB gun' and/or 'deadly weapon' in the guilty plea memorandum, indictment, or during the sentencing hearing."); *id.* at 12 ("Petitioner feels the public defender Mr. McGinnis errored [sic] in his performance by letting petitioner plea [sic] guilty to the deadly weapon enhancements and agreeing with the DA's misstated fact in the guilty plea memorandum of the airsoft gun being a black handgun and or BB gun.").

1  enhancement for that charge, alleging it was a BB gun, which can be considered a deadly
2  weapon and used as an enhancement was ineffective assistance of counsel." (ECF No.
3  11-9 at 3; Exhibit 55.) (*See also id.* at 4:1-2.) The Court is not persuaded that petitioner's
4  allegation in the federal petition specifically that defense counsel said that the district
5  attorney said that the airsoft gun was a BB gun renders the claim in Ground 2
6  unexhausted. Nor is the Court persuaded by the argument that petitioner's more explicit
7  references to this very same factual specific in his state court evidentiary hearing
8  testimony and in the statement of facts in his appellate fast track statement of facts failed
9  to exhaust the claim in Ground 2. (*See* ECF No. 11-11 at 20-21, Exhibit 57; ECF No. 12-
10 7 at 5-6, Exhibit 73.)

11 Moreover, in all events, even if the Court were to assume for purposes of this
12 discussion that these explicit references in these contexts were insufficient for exhaustion,
13 the purported addition of this specific factual allegation on federal habeas review does
14 not fundamentally alter or substantially strengthen the exhausted core ineffective-
15 assistance claim. The factual allegation therefore does not render Ground 2 unexhausted.
16 *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (*en banc*) (new factual
17 allegations do not render a claim unexhausted if the allegations do not fundamentally alter
18 the legal claim already considered by the state courts or place the case in a significantly
19 different and stronger evidentiary posture than when the state courts considered the
20 claim).

21 Substantially the same conclusion holds true with regard to the purportedly
22 separate claim in Ground 2(c). Any added allegation that the state courts erred in applying
23 state law neither fundamentally alters nor materially strengthens Ground 2, particularly
24 given the well-established principle that the state supreme court is the final arbiter of
25 Nevada state law.

26 This action is capable of being postured promptly for disposition on the merits. The
27 Court will entertain no further motions for reconsideration or otherwise seeking to address
28 ///

the claims and allegations herein on a piecemeal basis.[3]

**III.     CONCLUSION**

It is therefore ordered that respondents' motion (ECF No. 25) for reconsideration is denied.

It is further ordered that respondents file an answer to the claims in the petition on the merits within thirty (30) days of entry of this order and that petitioner may dispatch a reply to the Clerk within thirty (30) days of service of the answer.

The Court is endeavoring to posture this matter for resolution in advance of March 31, 2018, to the extent possible with its habeas docket. Requests for extension based on scheduling conflicts between this action and other actions in this Court should be sought in the later-filed case.

DATED THIS 16th day of November 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] Respondents urge that "it is the claims that must be exhausted in state court not the 'factual allegations' as this Court alleged in its order denying respondents' motion to dismiss." (ECF No. 25 at 5.) The Court has not been persuaded by respondents' effort to parse these specific allegations instead into separate claims, now twice. That is the Court's final ruling on the matter.